**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, P.O. Box 14596 Washington, DC 20044, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, 950 Pennsylvania Avenue NW Washington, DC 20530, <br><br> Defendant. | Civil Action No. _____ |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1.      On May 3, 2024, the United States Department of Justice ("DOJ") announced its indictment of United States Representative Enrique Roberto "Henry" Cuellar on multiple counts related to bribery and violations of the Foreign Agents Registration Act ("FARA") for actions taken to advance the interests of an Azerbaijani oil company and a Mexican bank. On December 3, 2025, while criminal proceedings against Rep. Cuellar were ongoing, President Trump abruptly, and with little explanation, announced on Truth Social that he had pardoned Rep. Cuellar.

2.      Seeking records relating to the investigation and indictment of Rep. Cuellar and the decision to pardon him, in December 2025, Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") submitted expedited Freedom of Information Act ("FOIA") requests to four DOJ components: the Criminal Division, the Federal Bureau of Investigations ("FBI"), the Office of the Pardon Attorney, and the National Security Division.

1

3.      Because Defendant has failed to comply with FOIA, CREW now brings this action under FOIA, 5 U.S.C. § 552, respectfully requesting relief declaring that Defendant has violated FOIA by failing to timely respond to CREW's requests and injunctive relief requiring Defendant to process and release all non-exempt records responsive to CREW's requests on an expedited basis.

## JURISDICTION AND VENUE

4.      This Court has subject-matter jurisdiction and personal jurisdiction under 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(E)(iii). The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202.

5.      Venue lies in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(b).

## PARTIES

6.      Plaintiff CREW is a non-profit, non-partisan organization organized under section 501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the rights of citizens to be informed about the activities of government officials and agencies, and to ensuring the integrity of government officials and agencies. CREW seeks to empower citizens to have an influential voice in government decisions and in the government decision-making process through the dissemination of information about public officials and their actions. To advance its mission, CREW uses a combination of research, litigation, and advocacy. As part of those efforts, CREW uses government records it obtains under FOIA.

7.      Defendant DOJ is an agency within the meaning of 5 U.S.C. § 552(f)(1). DOJ has possession and control of the records requested by CREW and is responsible for fulfilling CREW's FOIA requests.

## LEGAL FRAMEWORK

8.      FOIA, 5 U.S.C. § 552, requires federal agencies to release requested records to the public unless one or more specific statutory exemptions apply.

9.      An agency must respond to a party making a FOIA request within 20 business days and, in so doing, must notify the party of at least the agency's "determination" of which requested records it will release, which it will withhold and why, and the requester's right to appeal the determination to the agency head. *Id.* § 552(a)(6)(A)(i); *see, e.g.*, *CREW v. Fed. Election Comm'n*, 711 F.3d 180, 187 (D.C. Cir. 2013).

10.     An agency's failure to make this determination within 20 days is subject to judicial review without exhausting administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

11.     Moreover, FOIA provides that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules . . . shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).

12.     After a FOIA request is received by an agency, it must "make reasonable efforts to search for the records." 5 U.S.C. § 552(a)(3)(C).  If the agency identifies any responsive records, the agency must make them "promptly available." *Id.* § 552(a)(3)(A)*.

13.     In "unusual circumstances," the 20 business day time limit "may be extended" by 10 business days if the agency provides "written notice to the person making such request setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B)(i). "[U]nusual circumstances means," among other things, "the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request." *Id.* § 552(a)(6)(B)(iii).

14.     Further, agencies must grant requests for expedited processing of FOIA requests when requesters demonstrate a "compelling need," as well as in "other cases determined by the agency." 5 U.S.C. § 552(a)(6)(E)(i). "Compelling need" requires the requester to show that they are "a person primarily engaged in disseminating information" with an "urgency to inform the public concerning actual or alleged Federal Government activity." *Id.* § 552(a)(6)(E)(v)(II); *see also* 28 C.F.R. § 16.5(e)(1)(ii).

15.     Defendant's FOIA regulations also require expedited processing for other reasons, including "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence." *See* 28 C.F.R. § 16.5(e)(1)(iv).

16.     A determination of whether to provide expedited processing shall be made, and notice of the determination shall be provided to the person making the request, within 10 calendar days after the date of the request. 5 U.S.C. § 552(a)(6)(E)(ii)(I).

17.     Agency action to deny a request for expedited processing, or failure by an agency to respond in a timely manner to such a request, is subject to judicial review. 5 U.S.C. § 552(a)(6)(E)(iii); *CREW v. U.S. Dep't of Just.*, 436 F. Supp. 3d 354, 358-59 (D.D.C. 2020).

18.     FOIA requesters who do not receive a determination on a request for expedited processing within 10 calendar days, or who receive a decision denying or affirming the denial of a request for expedited processing, also may seek immediate judicial review. *See, e.g.*, 5 U.S.C. § 552(a)(6)(E)(iii); *CREW v. U.S. Dep't of Just.*, 436 F. Supp. 3d at 358-59.

## FACTUAL ALLEGATIONS

19.     On May 3, 2024, the Department of Justice announced that it had charged Rep. Cuellar with illegally accepting bribes from an Azerbaijani oil company, wholly owned by the

4

government of Azerbaijan, and a Mexican bank in exchange for official acts taken as a member of congress.[1]

20.     The indictment alleged that Rep. Cuellar, working with his wife, Imelda Cuellar, accepted at least $598,000 in combined bribes from the Azerbaijani oil company and Mexican bank.[2] The indictment explained that "bribe payments were laundered, pursuant to sham consulting contracts, through a series of front companies and middlemen into shell companies owned by Imelda Cuellar" who "performed little or no legitimate work under the sham contracts" and in exchange, Rep. Cuellar "perform[ed] official acts in his capacity as a Member of Congress, to commit acts in violation of his official duties, and to act as an agent of the Government of Azerbaijan" and the bank.[3]

21.     In May 2024, following the DOJ's indictment of Rep. Cuellar, the bipartisan House of Representatives Committee on Ethics voted unanimously to authorize an investigation into Rep. Cuellar's actions.[4] In its press release, the Committee explained that it was "aware of the risks associated with dual investigations and is in communication with the Department of Justice to mitigate the potential risks while still meeting the Committee's obligations to safeguard the integrity of the House."[5]

---

[1] Press Release, U.S. Dep't of Just., *U.S. Congressman Henry Cuellar Charged with Bribery and Acting as a Foreign Agent* (May 3, 2024), https://perma.cc/8DM9-LFRF.
[2] *U.S. v. Cuellar*, 4:24-cr-00224, ECF No. 1, ¶ 1 (S.D. Tex., Apr. 30, 2024).
[3] *Id.*
[4] Luke Broadwater, *House Ethics Panel Will Investigate Cuellar on Bribery Charges*, NY Times (May 29, 2024), https://tinyurl.com/2kmtwjj6.
[5] Press Release, House of Representatives Comm. on Ethics, *Statement of the Chairman and Ranking Member of the Committee on Ethics Regarding Representative Henry Cuellar* (May 29, 2024), https://perma.cc/HDE4-88EA.

22.    On July 16, 2025, the Justice Department decided to move ahead with the bribery case against Rep. Cuellar, but to drop the FARA charges.[6]

23.    Later that month, the Ethics Committee issued a press release, announcing that it had voted unanimously to re-authorize the investigation of Rep. Cuellar.[7] In its press release the Committee again explained that it was "aware of the risks associated with dual investigations and is in communication with the Department of Justice to mitigate the potential risks while still meeting the Committee's obligations to safeguard the integrity of the House."[8]

24.    On December 3, 2025, President Trump abruptly announced via Truth Social that he had issued a "full and unconditional" pardon of Rep. Cuellar and Imelda Cuellar.[9] In the Truth Social post, President Trump stated, without evidence, that the Biden Administration had weaponized the Justice Department against Rep. Cuellar because of his position on President Biden's immigration policy.[10]

25.    President Trump's post also included images of a letter from Rep. Cuellar's two daughters asking Trump to issue the pardon.[11] The letter sympathized with the "challenges" that Trump and his family had faced and asserted that, like President Trump, Rep. Cuellar's political opinions and willingness to speak his mind were the reasons he was indicted.[12]

---

[6] Glenn Thrush, *Justice Dept. to Move Ahead With Bribery Case Against Cuellar*, NY Times (July 16, 2025), https://tinyurl.com/ywyane44.

[7] Press Release, House of Representatives Comm. on Ethics, *Statement of the Chairman and Ranking Member of the Committee on Ethics Regarding Representative Henry Cuellar* (July 25, 2025), https://perma.cc/8ADD-BRGZ.

[8] *Id.*

[9] *See* Donald J. Trump (@RealDonaldTrump), TruthSocial (Dec. 3, 2025), https://tinyurl.com/5n6e3t4t.

[10] *Id.*

[11] *Id.*

[12] *Id.*

26.     Since being pardoned, Rep. Cuellar has decided to run for reelection as a member of the Democratic Party.[13]

27.     In response to this decision, President Trump lashed out on social media in a lengthy post, referring to Rep. Cuellar's decision as "a lack of LOYALTY."[14]

28.     To answer questions about the extent of Rep. Cuellar's corrupt dealings, as well as the circumstances around President Trump's pardon, CREW submitted four expedited FOIA requests in December to Defendant.

29.     In addition to the requests listed below, CREW submitted a similar FOIA request to the Executive Office for United States Attorneys ("EOUSA") on December 12, 2025. EOUSA acknowledged receipt on December 12, 2025 and assigned the request tracking number EOUSA-2026-000906. Ex. 1.

30.     On December 15, 2025 EOUSA issued a final determination, and stated, "[y]ou requested information which is not information maintained by the EOUSA or by the individual United States Attorney's Offices, but is likely maintained by separate components of the DOJ" and suggested that CREW submit its request to the Criminal Division, FBI, and National Security Division. Ex. 2.

31.     Based on EOUSA's explanation that it does not maintain the request records and because no United States Attorney entered an appearance in the criminal proceedings against Rep. Cuellar, CREW's FOIA request to EOUSA is not currently at issue in this suit.

---

[13] Calen Razor & Meredith Lee Hill, *Henry Cuellar will seek reelection as a Democrat after Trump pardon*, Politico (Dec. 3, 2025), https://tinyurl.com/2m5tabjx.
[14] *See* Donald J. Trump (@RealDonaldTrump), TruthSocial (Dec. 7, 2025), https://tinyurl.com/56wthnyc.

32.     On December 12, 2025, CREW submitted an expedited FOIA request to the DOJ, Criminal Division in which it sought the following records:

1.  All records related to the investigation of United States Representative Enrique Roberto "Henry" Cuellar pertaining to alleged violations of any provision of law relating to his federal indictment, including but not limited to DOJ's decision whether or not to bring criminal charges against Rep. Cuellar.

2.  All records that mention, reference, or relate to granting a pardon to Rep. Cuellar, including records that mention, reference, or relate to President Trump's pardon of Rep. Cuellar.

Ex. 3.

33.     CREW sought expedited processing on its request processing pursuant to 5 U.S.C. § 552 and 28 C.F.R. § 16.5(e).

34.     CREW explained that it was entitled to expedited processing because there is an "urgency to inform the public about an actual or alleged Federal Government activity" and because CREW "is primarily engaged in disseminating information." *Id.* (citing 28 C.F.R. § 16.5(e)(ii)). CREW described the public's need to understand how the pardon process is potentially being abused by President Trump in exchange for an expectation of loyalty to the president, the need for Rep. Cuellar's constituents to understand the extent of his corrupt and criminal actions, and the need for the House Ethics Committee to understand the issues raised by the request in order to effectively police its own members. *Id.*

35.     CREW also explained that the request concerned "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence" because of the seriousness of the allegations underlying the indictment against Rep. Cuellar and because President Trump's abrupt decision to issue a pardon of Rep. Cuellar raised concerns about his use of this power "as a tool of political favoritism." *Id.* (citing 28 C.F.R. § 16.5(e)(iv)).

36.     CREW's requests sought a fee waiver in accordance with 5 U.S.C. § 552(a)(4)(A) and agency regulations. *Id.*

37.     On December 18, 2025, the Criminal Division acknowledged receipt of CREW's FOIA request and assigned it Request. No. CRM-302390530. Ex. 4.

38.     On January 5, 2026, the Criminal Division denied CREW's request for expedited processing. Ex. 5. The letter stated that the Criminal Division "directed [CREW's] request to the Director of Public Affairs, who makes the decision whether to grant or deny expedited processing pursuant to 28 C.F.R. § 16.5(e)(1)(iv)." *Id.* However, CREW had requested expedited processing pursuant to both 28 C.F.R. § 16.5(e)(1)(iv) and § 16.5(e)(1)(ii).

39.     To date, CREW has received no additional communications from the Criminal Division.

### *December 12, 2025 FOIA Request to FBI*

40.     On December 12, 2025, CREW submitted an expedited FOIA request to FBI in which it sought the following records:

> 1.  All records related to the investigation of United States Representative Enrique Roberto "Henry" Cuellar pertaining to alleged violations of any provision of law relating to his federal indictment, including but not limited to DOJ's decision whether or not to bring criminal charges against Rep. Cuellar.
>
> 2.  All records that mention, reference, or relate to granting a pardon to Rep. Cuellar, including records that mention, reference, or relate to President Trump's pardon of Rep. Cuellar.

Ex. 6.

41.     CREW sought expedited processing on its request processing pursuant to 5 U.S.C. § 552 and 28 C.F.R. § 16.5(e).

42.     CREW explained that it was entitled to expedited processing because there is an "urgency to inform the public about an actual or alleged Federal Government activity" and

because CREW "is primarily engaged in disseminating information." *Id.* (citing 28 C.F.R. §
16.5(e)(ii)). CREW described the public's need to understand how the pardon process is
potentially being abused by President Trump in exchange for an expectation of loyalty to the
president, the need for Rep. Cuellar's constituents to understand the extent of his corrupt and
criminal actions, and the need for the House Ethics Committee to understand the issues raised by
the request in order to effectively police its own members. *Id.*

43.     CREW also explained that the request concerned "[a] matter of widespread and
exceptional media interest in which there exist possible questions about the government's
integrity which affect public confidence" because of the seriousness of the allegations underlying
the indictment against Rep. Cuellar and because President Trump's abrupt decision to issue a
pardon of Rep. Cuellar raised concerns about his use of this power "as a tool of political
favoritism." *Id.* (citing 28 C.F.R. § 16.5(e)(iv)).

44.     CREW's requests sought a fee waiver in accordance with 5 U.S.C. § 552(a)(4)(A)
and agency regulations. *Id.*

45.     On December 12, 2025 FBI sent an automated email response confirming receipt
of CREW's FOIA request. Ex. 7.

46.     On December 12, 2025 FBI sent a second automated email response purportedly
providing a link to a webpage hosting CREW's request. Ex. 8. The link provided, however,
appears invalid. A true and correct copy of the webpage linked in the email is attached at Ex. 9.

47.     On January 12, 2026, FBI acknowledged receipt of CREW's request and assigned
it FOIPA Request No.: 1708277-000. Ex. 10.

48.     To date, CREW has received no additional communications from FBI.

### *December 15, 2025 FOIA Request to Office of the Pardon Attorney*

49.     On December 15, 2025, CREW submitted an expedited FOIA request to the DOJ, Office of the Pardon Attorney in which it sought the following records:

1.  All records related to the investigation of United States Representative Enrique Roberto "Henry" Cuellar pertaining to alleged violations of any provision of law relating to his federal indictment, including but not limited to DOJ's decision whether or not to bring criminal charges against Rep. Cuellar.

2.  All records that mention, reference, or relate to granting a pardon to Rep. Cuellar, including records that mention, reference, or relate to President Trump's pardon of Rep. Cuellar.

Ex. 11.

50.     CREW sought expedited processing on its request processing pursuant to 5 U.S.C. § 552 and 28 C.F.R. § 16.5(e).

51.     CREW explained that it was entitled to expedited processing because there is an "urgency to inform the public about an actual or alleged Federal Government activity" and because CREW "is primarily engaged in disseminating information." *Id.* (citing 28 C.F.R. § 16.5(e)(ii)). CREW described the public's need to understand how the pardon process is potentially being abused by President Trump in exchange for an expectation of loyalty to the president, the need for Rep. Cuellar's constituents to understand the extent of his corrupt and criminal actions, and the need for the House Ethics Committee to understand the issues raised by the request in order to effectively police its own members. *Id.*

52.     CREW also explained that the request concerned "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence" because of the seriousness of the allegations underlying the indictment against Rep. Cuellar and because President Trump's abrupt decision to issue a

pardon of Rep. Cuellar raised concerns about his use of this power "as a tool of political favoritism." *Id.* (citing 28 C.F.R. § 16.5(e)(iv)).

53.    CREW's requests sought a fee waiver in accordance with 5 U.S.C. § 552(a)(4)(A) and agency regulations. *Id.*

54.    On December 16, the office responded to CREW's FOIA request and assigned it tracking number PARDON FOIA 2026-335561. Ex. 12.

55.    On December 23, the office further responded that records related to the criminal investigation are maintained by other offices, but acknowledged that it would engage in consultation to obtain the records related to the pardon of Rep. Cuellar. Ex. 13. The response also requested a 10-day extension to issue a determination on CREW's request citing "unusual circumstances" pursuant to 5 U.S.C. § 552(a)(6)(B)(i)-(iii). *Id.*

56.    To date, CREW has received no additional communications from the Office of the Pardon Attorney.

### *December 15, 2025 FOIA Request to the National Security Division*

57.    On December 15, 2025, CREW submitted an expedited FOIA request to the DOJ, National Security Division in which it sought the following records:

1.    All records related to the investigation of United States Representative Enrique Roberto "Henry" Cuellar pertaining to alleged violations of any provision of law relating to his federal indictment, including but not limited to DOJ's decision whether or not to bring criminal charges against Rep. Cuellar.

2.    All records that mention, reference, or relate to granting a pardon to Rep. Cuellar, including records that mention, reference, or relate to President Trump's pardon of Rep. Cuellar.

Ex. 14.

58.    CREW sought expedited processing on its request processing pursuant to 5 U.S.C. § 552 and 28 C.F.R. § 16.5(e).

59.    CREW explained that it was entitled to expedited processing because there is an "urgency to inform the public about an actual or alleged Federal Government activity" and because CREW "is primarily engaged in disseminating information." *Id.* (citing 28 C.F.R. § 16.5(e)(ii)). CREW described the public's need to understand how the pardon process is potentially being abused by President Trump in exchange for an expectation of loyalty to the president, the need for Rep. Cuellar's constituents to understand the extent of his corrupt and criminal actions, and the need for the House Ethics Committee to understand the issues raised by the request in order to effectively police its own members. *Id.*

60.    CREW also explained that the request concerned "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence" because of the seriousness of the allegations underlying the indictment against Rep. Cuellar and because President Trump's abrupt decision to issue a pardon of Rep. Cuellar raised concerns about his use of this power "as a tool of political favoritism." *Id.* (citing 28 C.F.R. § 16.5(e)(iv)).

61.    CREW's requests sought a fee waiver in accordance with 5 U.S.C. § 552(a)(4)(A) and agency regulations. *Id.*

62.    To date, CREW has received no communications from the National Security Division.

## CLAIMS FOR RELIEF

### COUNT I
### Violation of FOIA - Wrongful Withholding of Records
### Responsive to CREW's December 12 and 15, 2025 Requests
### (5 U.S.C. § 552)

63.    CREW re-alleges and incorporates by reference the foregoing paragraphs.

64.    In its December 12, 2025 and December 15, 2025 requests, CREW properly sought within the possession, custody, and control of Defendant.

65.    DOJ and its component agencies are wrongfully withholding records responsive to CREW's FOIA requests by failing to make determinations on CREW's requests within the statutorily prescribed time period of 20 business days, as required by 5 U.S.C. 552(a)(6)(A), and by continuing to withhold documents that are non-exempt and responsive to CREW's FOIA requests.

66.    DOJ and its component agencies have failed to conduct an adequate search in response to CREW's FOIA requests.

67.    CREW has constructively exhausted its administrative remedies.

68.    CREW is therefore entitled to injunctive and declaratory relief requiring immediate processing and disclosure of all non-exempt requested records to CREW.

**COUNT II**
**Violation of FOIA - Failure to Grant Expedited Processing of**
**CREW's December 12, 2025 and 15, 2025 Requests**
**(5 U.S.C. § 552)**

69.    CREW re-alleges and incorporates by reference the foregoing paragraphs.

70.    In its December 12, 2025 and December 15, 2025 FOIA requests, CREW properly sought expedited processing of these requests seeking records within the possession, control, and custody Defendant.

71.    CREW properly sought expedited processing from Defendant because of the urgency to inform the public about an actual or alleged federal government activity and because CREW is primarily engaged in disseminating information.

72.    CREW further properly sought expedited processing from Defendant because the subject of the requests concerns a matter of widespread and exceptional media interest in which

14

there exist possible questions about the government's integrity that affect public confidence. *See* 28 C.F.R. § 16.5.

73.    Defendant's component agencies Office of the Pardon Attorney, FBI, and National Security Division have wrongfully denied CREW's requests for expedited processing by failing to respond to CREW's expedited processing requests within 10 days and failing to process CREW's requests on an expedited basis.

74.    Defendant's component agency Criminal Division wrongfully denied CREW's request for expedited processing.

75.    By denying CREW's requests for expedited processing and failing to expeditiously  process and release all requested non-exempt records to CREW, Defendant is in violation of FOIA and its implementing regulations.

76.    CREW is therefore entitled to injunctive and declaratory relief requiring expedited processing of its December 12, 2025 and December 15, 2025 requests.

## Requested Relief

WHEREFORE, CREW respectfully requests that this Court:

(1)    Declare that CREW is entitled to expedited processing of all requests for which it has sought such handling;

(2)    Order Defendant to immediately and fully process CREW's FOIA requests and expeditiously disclose all non-exempt responsive records to CREW;

(3)    Order the Defendant to preserve all records, in whatever form they exist, potentially responsive to CREW's requests prior to and during the processing of its requests;

(4)    Order Defendant to grant CREW's requests for fee waivers;

(5)    Provide for expeditious proceedings in this action;

(6)     Retain jurisdiction of this action to ensure no agency records are wrongfully

withheld and ensure compliance with this Court's orders;

(7)     Award CREW its costs and reasonable attorneys' fees in this action; and

(8)     Grant such other relief as the Court may deem just and proper.


Date: January 30, 2026                    Respectfully Submitted,

*/s/ Kayvan Farchadi*
Kayvan Farchadi
(D.C. Bar No. 1672753)
CITIZENS FOR RESPONSIBILITY AND
ETHICS IN WASHINGTON
PO Box 14596
Washington, DC 20044
Phone: (202) 408-5565
Fax: (202) 508-5020
kfarchadi@citizensforethics.org